UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KOMPAN A/S, <br><br> *Movant*, <br><br> v. <br><br> MRC RECREATION, INC., <br><br> *Respondent*. | Civ. No. 24-6158 (MAS)(JBD) <br><br> MEMORANDUM ORDER |

Before the Court is a motion filed by Kompan A/S ("Kompan") to compel non-party MRC Recreation, Inc. ("MRC") to comply with a Rule 45 subpoena issued in connection with litigation pending in the United States District Court for the Western District of Texas. The Court has carefully considered the parties' motion papers and heard oral argument on August 19, 2024. For the reasons set forth below, the Court will transfer the motion to the Western District of Texas for that court's consideration in conjunction with the underlying action.

I.   BACKGROUND

The parties are familiar with this matter and so the Court briefly sets out the background relevant to its analysis. In the underlying litigation in Texas, *see Kompan A/S, et al. v. GameTime, et al.*, Civ. No. 21-877 (JRN) (W.D. Tex.), Kompan asserts claims of copyright infringement against several related entities, referred to collectively here as "GameTime." More specifically, Kompan alleges that GameTime infringed its copyrights in certain playground equipment. During discovery, Kompan sought from GameTime various categories of materials

generally related to the distribution and sale of the allegedly infringing products, the removal of the allegedly infringing products from the market, and discussions related to the allegedly infringing products.

Dissatisfied with GameTime's production of the requested materials in discovery, in March 2024, Kompan issued Rule 45 subpoenas to dozens of non-parties around the country—many if not most of which were distributors of GameTime's products—seeking the production of similar materials. In email correspondence with GameTime's counsel, Kompan's counsel indicated that if GameTime simply agreed to produce the requested materials in party discovery, then the Rule 45 subpoenas to non-party distributors would be unnecessary and would be withdrawn.

One of the non-parties that Kompan subpoenaed, MRC, is a New Jersey-based distributer of playground climbing equipment, including the allegedly infringing equipment that GameTime manufactured and sold. The subpoena sought, among other records, MRC's invoices to end customers, distributor agreements between MRC and GameTime, and emails related to the allegedly infringing products. Counsel for the parties engaged in multiple meet-and-confer sessions regarding the subpoena but could not reach an agreement.

Discovery in the underlying litigation closed on May 7, 2024. On May 15, 2024, Kompan filed the present motion requesting that the Court compel MRC's compliance with the subpoena. Around the same time, between May 10, 2024 and May 21, 2024, Kompan filed at least eight other motions in federal courts across the

2

country seeking to compel other non-party distributors to comply with similar subpoenas.  On May 21, 2024, Kompan filed a motion to compel in the underlying action, requesting the court in the Western District of Texas to order GameTime to produce the materials that Kompan sought in party discovery.  That motion remains pending.

The motion to compel pending before this Court is fully briefed and ripe for resolution.

II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 45(d)(2)(B)(i) provides that where the recipient of a subpoena objects to it, "the serving party may move the court for the district where compliance is required for an order compelling production or inspection."  There is no dispute that the District of New Jersey is the district where MRC's compliance with the subpoena is required.  Rule 45(f), however, provides that, where, as here, the court where compliance is required did not issue the subpoena, that court may transfer a subpoena-related motion "to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances."  Fed. R. Civ. P. 45(f).

Rule 45(f) provides little guidance on the proper interpretation of "exceptional circumstances," but courts have cited and relied on the Advisory Committee Notes to the 2013 amendments to the rule.  Those notes identify two examples in which transfer is appropriate:  (i) "when the issuing court has already ruled on issues presented by the motion"; and (ii) "when the same discovery issues are likely to

3

arise in many districts." *Mylan Inc. v. Somaxon Pharms., Inc.*, Civ. No. 22-3944 (KM), 2022 WL 13837857, at *2 (D.N.J. Sept. 30, 2022), *report and recommendation adopted*, Civ. No. 22-3944 (KM), 2022 WL 13836112 (D.N.J. Oct. 21, 2022) (quoting *Hoog v. PetroQuest, LLC*, 338 F.R.D. 515, 517 (S.D. Fla. 2021)). Courts also have looked at the complexity of the case, the procedural posture, the length of time in which the underlying action has been pending, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying action. *Id.* (citation omitted). Transfer also may be warranted to avoid disrupting the issuing court's management of the underlying litigation.

Whether to transfer a motion under Rule 45(f) "is committed to the discretion of the court where compliance is required." *Hall v. Marriott Int'l, Inc.*, Civ. No. 21-80165 (TSH), 2021 WL 3129598, at *1 (N.D. Cal. July 23, 2021). And "[c]ourts are in agreement that Rule 45(f) motions to transfer fall within the []ambit of non-dispositive matters properly determined by a magistrate judge." *Argento v. Sylvania Lighting Servs. Corp.*, Civ. No. 15-1277-JAD, 2015 WL 4918065, at *2 (D. Nev. Aug. 18, 2015) (citing *San Juan Cable LLC v. DISH Network LLC*, 2015 WL 500631, at *2 (D. Colo. Jan. 23, 2015)). This is because when a court transfers a motion to compel to the issuing court, "the Court is not depriving a party of a federal forum to resolve a dispute but is rather transferring the authority to resolve the discovery dispute to another federal court." *Id.* This is so even though the order transferring the matter results in the closure of the action brought in the court of compliance. *Id.* (first citing *Agincourt Gaming, LLC v. Zynga, Inc.*, 2014 WL

4

4079555, at *2 (D. Nev. Aug. 15, 2014), and then citing *Cognate BioServices, Inc. v. Smith*, 2015 WL 1256499, at *6 n.19 (D. Md. Mar. 17, 2015)).  Therefore, the undersigned has the authority to determine whether this non-dispositive motion to compel should be transferred to the issuing court pursuant to Rule 45(f). *See Bouchard Transp. Co. v. Associated Elec. & Gas Ins. Servs. Ltd.*, Civ. No. 15-3709 (SRC), 2015 WL 12818828 (D.N.J. Aug. 4, 2015) (Waldor, M.J.) (pursuant to Rule 45(f), transferring subpoena-related cross motions to the court that issued the subpoena so that the motions could "be considered within the context of the underlying disputes" pending in that court).

III.   DISCUSSION

As noted above, Kompan has filed nine motions to compel in federal courts across the country, seeking to enforce similar Rule 45 subpoenas served on non-party distributors of GameTime's allegedly infringing products.  To date, all courts that have ruled on those motions—save one—have transferred them to the Western District of Texas pursuant to Rule 45(f).[1]  This Court will do the same.

---

[1]   As of the date of this Order, six courts have transferred similar motions filed by Kompan to the Western District of Texas.  *See Kompan A/S v. Dominica Recreational Prods., Inc.*, Civ. No. 24-13 (PGB), Dkt. 9 (M.D. Fla. July 8, 2024), *report and recommendation adopted*, Dkt. 10 (M.D. Fla. Aug. 15, 2024); *Kompan A/S v. Great Western Recreation, LLC*, Civ. No. 24-83 (TS), Dkt. 29 (D. Utah July 8, 2024); *Kompan A/S v. Cunningham Assocs., Inc.*, Civ. No. 24-62 (KDB), Dkt. 24 (W.D.N.C. June 26, 2024); *Kompan A/S et al. v. Wildwood Playground NW, Inc.*, Civ. No. 24-537 (AR), Dkt. 23 (D. Ore. July 16, 2024); *Kompan A/S, et al. v. Kraftsman Equipment, L.P.*, Civ. No. 24-814, Dkt. 9 (S.D. Tex. June 14, 2024); *Kompan A/S, et al. v. Bliss Products and Servs., Inc.*, Civ. No. 24-2617 (TWT), Dkt. 20 (N.D. Ga. Aug. 27, 2024), *report and recommendation adopted*, Dkt. 22 (N.D. Ga. Sept. 23, 2024.  The lone court to decide Kompan's motion to compel on the merits denied it without prejudice.  *See Kompan A/S, et al. v. Sinclar*

This case is the archetype for a Rule 45(f) transfer: Nine motions filed in federal courts across the country seeking to enforce similar subpoenas served on non-party distributors, all of which seek categories of materials that Kompan also seeks from GameTime in party discovery. All of this while GameTime objects to Kompan's discovery requests and all non-parties have objected to the subpoenas served on them as well. In that posture, as one court has quipped, "the chance for divergent rulings is almost guaranteed." *Kompan A/S v. Kraftsman Equip., L.P.*, Civ. No. 24-814, 2024 WL 3012507, at *2 (S.D. Tex. June 14, 2024). The same court concluded that the "judicial economy gained by having one court—the court with knowledge of the case—make the most informed ruling" makes a Rule 45(f) transfer "an obvious and compelling result." *Id.* This Court agrees with both sentiments.

Ruling on the motion now would, in multiple respects, risk disrupting the Western District of Texas's orderly supervision of the proceedings in the underlying litigation, its management of the underlying litigation, and its ability to resolve disputes that have arisen in it. As noted, Kompan's motion to compel GameTime's production of materials in discovery overlaps significantly with the dispute here. So, for instance, if that court grants Kompan's motion to compel against GameTime, it may render the present motion (and similar motions) moot, or at least narrow the disputes. By contrast, if the court denies the motion to compel, that ruling may

---

*Recreation LLC*, Civ. No. 24-55, Dkts. 15-16 (W.D. Mich. June 18, 2024). The final motion to compel remains pending. *See Kompan A/S, et al. v. Struthers Recreation LLC*, Civ. No. 24-640 (N.D. Al.). To date, no court has granted Kompan the relief that it seeks.

dictate or affect the outcome of this motion. As other courts have concluded, it is a far more efficient and appropriate use of resources for the court supervising the underlying litigation to decide these issues together, with a full view of the entire landscape. This is particularly true here since discovery in the underlying litigation has closed. If it is appropriate to require GameTime and/or multiple non-parties to produce materials after discovery has closed, it should be the Western District of Texas—not this Court—to make that call.

Finally, as noted, several courts already have transferred similar motions pursuant to Rule 45(f) to the Western District of Texas. Given those transfers, it makes no sense whatever to deprive that court of the opportunity to address the outstanding and interrelated discovery disputes together in the manner that it deems most appropriate under the circumstances.

The upshot: The Court agrees that "[r]esolving this motion on the merits would undercut goals of judicial economy, efficient case management, and the administration of justice." *Kompan Inc. v. Cunningham Assocs., Inc.*, Civ. No. 24-62 (KDB), 2024 WL 3190958, at *2 (W.D.N.C. June 26, 2024). Because "exceptional circumstances" are present, transfer is warranted.

IT IS on this 24th day of September, 2024,

ORDERED that pursuant to Rule 45(f), Kompan's motion to compel [Dkt. 1] shall be TRANSFERRED to the United States District Court for the Western District of Texas for that court's consideration in conjunction with the litigation

captioned *Kompan A/S and Kompan, Inc. v. Gametime et al.*, Civ. No. 21-877 (JRN) (W.D. Tex.); and it is further

ORDERED that pursuant to Local Civil Rule 72.1(c)(1)(C), the Clerk shall take no action until 14 days from the date of this Memorandum Order have elapsed. If no party files an appeal of this Memorandum Order within 14 days pursuant to Local Civil Rule 72.1(c)(1)(A), the Clerk shall complete the transfer and close the case.

_____
J. Brendan Day
United States Magistrate Judge